IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DOROTHY E. BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08-4026-CV-C-NKL-SSA |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| Defendant. | ) |

ORDER

Pending before the Court is Plaintiff Dorothy E. Brown's ("Brown") Motion for Summary Judgment [Doc. # 6]. Brown seeks judicial review of the Commissioner's denial of her requests for supplemental security income (SSI) benefits and disability insurance benefits under Title II and Title XVI of the Act, 42 U.S.C. §§ 401, 1381, et seq. The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary.[1] Because the Court finds that the Administrative Law Judge's decision is supported by substantial evidence in the record as a whole, the Court denies Brown's motion.

**I.      Background**

---

[1] Portions of the parties' briefs are adopted without quotation designated.

1

Brown filed her disability applications on December 6, 2004. (Tr. 21). She was born on October 5, 1958 and alleged disability beginning July 6, 2004. *Id.* She alleged disability due to anxiety related disorders and affective mood disorder. (Tr. 31). The ALJ held an initial and a supplementary hearing to consider the evidence of Brown's disability. The initial hearing was held on January 11, 2006. Brown's counsel urged the ALJ to "consider a favorable Decision [based upon missing too many days for work for treatment] but make a diary upon her 12 months from now because, by then, she'll be done with her treatment plan." (Tr. 322). The supplemental hearing was held on March 28, 2006 during which Brown's counsel was present and also during which the ALJ heard testimony from the vocational expert, Lesa Keen ("Keen"). (Tr. 335).

The ALJ considered the opinions of Brown's treating physicians and medical records regarding the extent of Brown's mental impairments. (Tr. 277). The ALJ found Brown had the following Residual Functional Capacity ("RFC"): "work of medium exertion in that she is able to lift and/or carry 50 pounds occasionally, 25 pounds frequently, sit, stand and/or walk for 6 hours of an 8 hour workday, provided such work involves no crowds or public contact and only occasional contact with co-workers." (Tr. 337). After posing Keen two questions based on Brown's hypothetical limitations, "which are no working with the general public, no being in crowds, only occasional contact with co-workers," the ALJ found Brown "unable to perform any [of her] past relevant work" but did find Brown able to perform work as a janitor, housekeeper, bench assembler, and light cleaner based on his determination of Brown's RFC. (Tr. 28-29, 335,

2

337, 339). The ALJ stated that he relied on Keen's opinion in making his determination. *Id*.

Although counsel was present at the March 28, 2006 hearing, Brown's initial motion for remand was based upon the fact that there was no testimony from Keen as to jobs Brown may be capable of performing with any RFC, nor was there evidence regarding the effect of absences from work because of "[Brown's] mental problems and the ability to maintain a job." (Doc. 6 ¶ 11). The Commissioner responded that Brown's argument was likely based upon transcript pages missing from the copy Brown's counsel had received. The Commissioner provided the missing transcript pages, including Keen's testimony, on June 30, 2008 and followed up with Brown's counsel on July 3, 2008 and July 9, 2008. In the reply, Brown's counsel abandons any claim as to evidence supporting other jobs available to Brown and argues only that Brown's treatment would require missing over eight (8) days per year, which would disqualify her from employment according to Keen's testimony. (Tr. 339).

## II.     Discussion

To establish that she is entitled to benefits, Brown must show that she was unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d) and § 1382c(a)(3)(A).

Brown alleges a single error committed by the ALJ: that in the twenty-one (21) month period between the alleged onset of her disability and the supplemental hearing,

3

she received treatment on thirty-nine (39) separate days "or an average of 1.857 days per month" and, therefore, she would exceed the 8 absences that Keen indicated as a maximum for Brown to be employed. (Tr. 339). However, there is no evidence that such treatment requires a full day's absence or that Brown would be required to miss a working day in order to receive treatment. The fact that a claimant requires regular healthcare appointments does not necessarily indicate she cannot work on those days. *See Barnett v. Apfel*, 231 F.3d 687, 691 (10th Cir. 2000) (declining to assume that the claimant had to miss an entire day of work for her doctor's appointments). In this case, nothing in the record indicated Brown could not arrange her medical appointments around a work schedule or that she would need to miss a full day of work for her appointments. The ALJ specifically considered possible absences when determining Brown's RFC. (Tr. 322). Moreover, the ALJ noted that there are "inconsistencies of the record that detract from Ms. Brown's credibility, including inconsistent complaints of an inability to socialize. Ms. Brown described herself essentially as a hermit and contended she had difficulty working around people. The record reflects she leads a fairly active social life." (Tr. 28).

Brown presented no evidence at the hearing regarding the number of days a year she would be required to miss due to her medical treatment. In fact, Brown testified she only visits her psychologist, Sandy Radom, Ph.D. once every two weeks; sees Innocent Anya, M.D. with no specified frequency; and, receives visits from her caseworker once per week. (Tr. 313, 318).

4

Finally, the ALJ left the record open for approximately two months after the initial hearing in order for Brown to submit additional evidence or other information to show how many days a year she would likely miss work. (Tr. 322). Brown failed to provide any additional evidence as to days she may be absent as requested. *Id.* Thus, there is no reversible error here where the ALJ clearly considered the possibility that Brown's absenteeism may prevent her from working, but Brown supplied no such evidence and the ALJ's RFC assessment was based on the substantial evidence in the record.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Brown's Motion for Summary Judgment [Doc. # 6] is DENIED.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: September 2, 2008
Jefferson City, Missouri